**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

INTERNATIONAL UNION OF PAINTERS     :
    AND ALLIED TRADESDISTRICT     :   Case No.  2:23-cv-4680
    COUNCIL 21 WELFARE FUND;     :
INTERNATIONAL UNION OF PAINTERS     :
    AND ALLIED TRADES DISTRICT     :
    COUNCIL 21; and     :
BERNIE SNYDER, in his official capacity as a     :
fiduciary,     :
    :
2980 Southampton Road Philadelphia, PA     :
19154     :
    :
                     *Plaintiffs*,     :
    :
v.     :
    :
KEEPAINTING, LLC     :
321 Out West Trail     :
Yukon, OK 73099     :
    :
    :
    :
                     *Defendant*.     :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

## VENUE

2.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

3.      Plaintiff, International Union of Painters and Allied Trades District Council 21 Welfare Fund ("Welfare Fund")[1], is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

4.      Plaintiff, Bernie Snyder, is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

5.      The Welfare Fund and Snyder are authorized collection fiduciary(ies) and agent(s) for:

(a)      IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b)      IUPAT District Council No. 21, an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-

_____

[1] International Union of Painters and Allied Trades is hereinafter abbreviated as "IUPAT."

Byberry Road, Philadelphia, PA 19154. Effective June 1, 2022, IUPAT District Council 711 was merged into and succeeded by IUPAT District Council No. 21 and the combined entity is referred to herein as "Union." At all times relevant to this Complaint, the Union was the collective bargaining agent for the covered employees of Defendant, Keepainting, LLC, Inc., for work performed in Pennsylvania and New Jersey; and

(c)     IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT DC 21 Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 PA Funds"); and

(d)     DC21 NJ Vacation Fund f/k/a International Union of Painters and Allied Trades District Council 711 Vacation Fund; FTI of the Mid-Atlantic Region f/k/a District Council 711 Finishing Trades Institute; New Jersey Industrial Painters Association, Inc. Industry Advancement Fund; DC21 NJ Labor Management Fund/Joint Trade Board f/k/a District Council 711 Labor Management Fund; IUPAT DC21 NJ PAC f/k/a IUPAT District Council 711 Political Action Fund; Safety Training Recognition Awards Program ("STARS"); District Council 711 Health and Safety Monitoring Fund; and District Council 21 Job Targeting Program  f/k/a District Council 711 Job Targeting Program (altogether "DC 21 NJ Funds").

3

6.      Defendant Keepainting LLC ("Keepainting" or "Defendant") is an Oklahoma limited liability corporation and an employer under ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). Keepainting maintains a mailing address and principal office at 321 Outwest Trail, Yukon, OK 73099.

## COMMON FACTS

7.      Company was party to or agreed to abide by the terms and conditions of one or more collective bargaining agreement(s) (singly or jointly, "CBA") with the Union.

8.      Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Welfare Fund ("Welfare Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan and other governing documents for the Welfare Fund. The Welfare Fund governing documents include, but are not limited to, the Welfare Fund's Collection Policy.

9.      Under the CBA, Trust Agreements, plan documents, or other governing documents of the Funds, Defendant agreed:

(a)      To make full and timely payment on a regular basis to the Funds, as required by the CBA, Trust Agreements, and plan documents.

(b)      To file regular remittance reports with the Funds detailing all employees or work for which contributions were required under the CBA.

(c)      To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements or plans.

10.      (d)      To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual and statutory obligations.

11.     Based on remittance reports that Company submitted to the Funds, Company performed work covered by the CBA for at least the period from January 2023 through August 2024 and did not submit all contributions owed.

12.     Based on remittance reports that Company submitted to the Funds, Company owes the DC 21 Funds at least $187,871.75 for the period  from January 2023  through August 2024. This  includes $51,826.69 in contributions and $2,340.00 in liquidated damages to DC 21 NJ Funds, and $136,045.06 in contributions and $30,030.86  in liquidated damages to the DC 21 PA Funds. The total of $187,871.75 delinquency does not include interested owed and continuing to accrue at the time of this filing.

13.     The CBA, ERISA Funds' governing documents, and Collection Policy require Defendant to pay the Funds interest on late-paid contributions, liquidated damages, audit costs, and attorney costs and fees incurred in the cost of collection.

14.     The Funds were unsuccessful in their attempts to amicably resolve this delinquency with Company before filing a lawsuit.

15.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS DUE UNDER THE COLLECTIVE BARGAINING AGREEMENT

**PLAINTIFFS**

**v.**

5

**DEFENDANT**

16.    The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

17.    Defendant failed to timely make complete contributions to the DC 21 Funds as required by the CBA or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

18.    Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the CBA and Trust Agreements in at least the amount of $187,871.75 for the period January 2023 through August 2024, in violation of 29 U.S.C. § 1145.

19.    The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the CBA or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against the Defendant in favor of the Plaintiffs individually for the amount of contributions owed, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the CBA or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II – CONTRIBUTIONS DUE UNDER ERISA

**ERISA FUNDS**
**v.**
**DEFENDANT**

20.    The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21.     Defendant failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

22.     Based on information currently available to the ERISA Funds, Defendant failed to timely pay amounts due to the Funds under the CBA, Trust Agreements and Plan for the period January 2023 through August 2024 in violation of 29 U.S.C. § 1145.

23.     The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs ask that the Court:

(1)     Enter judgment against Defendant in favor of the ERISA Funds individually for the contributions found due and owing, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment; and

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

Dated: June 7, 2026                          BY: /s/ Daniel J. Symonds

Daniel J. Symonds
(PA Bar #337779)
230 South Broad Street
Suite 1650
Philadelphia, PA 19102
215.732.0101

7

dsymonds@spearwilderman.com
*Attorney for Plaintiffs*

8